## MARTINE *v.* HUYLAR.

*(Supreme Court, General Term, Second Department.*  December 10, 1890.)

1. RESETTLEMENT OF ORDER.
   The decision on appeal reversed a judgment, and granted a new trial, "with costs to abide the event." The order entered thereon read: "With costs to appellant to abide the event." *Held*, that the order should be resettled to conform to the decision.

2. APPEAL—PRACTICE—REHEARING.
   A motion for reargument of an appeal, after a decision granting a new trial, will be denied, where nothing was overlooked, and there was no mistake as to any point.

Motion for reargument of appeal. See decision on appeal, 8 N. Y. Supp. 734.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*John Brooks Leavitt,* for the motion. *Samuel Cohn,* opposed.

BARNARD, P. J. The order is not supported by the decision. The reversal was with costs to abide event, and not with costs to appellant to abide event, and the order must be corrected to conform to the decision. The motion for reargument is denied, without costs to either party. The opinion is supported by a re-examination of the case. Nothing was overlooked. The facts are as stated in the opinion, and an oral argument would give no advantage after the two examinations of the case.

DYKMAN, J. This is a motion for a resettlement of the order of reversal entered in this action upon the decision of the general term of this court, and for a reargument of the appeal. The motion to resettle the order should be granted, so as to reverse the judgment and grant a new trial, with costs to abide the event, according to the decision of the court. In relation to the reargument, it is sufficient to say that no ground for such an application is presented. The appeal was argued orally by counsel on both sides, and the case received a very careful consideration by the court, and there was no misapprehension or mistake in respect to any point. The monthly statements of the plaintiff in which he charged his salary constituted overwhelming evidence against him, sufficient to destroy his claim, and the testimony he offered in its support. The plaintiff was concluded by his conduct. The application for a reargument should be denied, with $10 costs.